IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH WESLEY JENKINS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-245-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Joseph Wesley Jenkins, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

On September 10, 2018, in Wise County, Texas, Case No. CR20440, Petitioner pleaded guilty pursuant to a plea agreement to one count of manufacturing/delivery of a controlled substance, methamphetamine, and true to a sentence-enhancement allegation in the indictment and was sentenced to 20 years' confinement. SHR[1] 62, ECF No. 12-4. Petitioner did not appeal his conviction but did file a postconviction state habeas-corpus application on December 6, 2019, 2019, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals

---

[1]"SHR" refers to the court record of Petitioner's state habeas proceeding in WR-90,854-01.

without written order.[2] *Id.* at 94 & Action Taken, ECF No. 8-1. This federal habeas-corpus petition

was filed on March 12, 2020.[3] Pet. 10, ECF No. 1. Petitioner raises three grounds for relief. *Id.* at

6-7. Respondent asserts that the petition is untimely under the federal statute of limitations and

should be dismissed. Resp't's Answer 3-5, ECF No. 9.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal

petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this

---

[2] A state prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide that information, however it was signed on his behalf on December 6, 2019. Thus, the application is deemed filed on that date.

[3] A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner challenges his 2018 conviction, the one-year limitations period began to run under subsection (A), applicable in this case, on the date the judgment of conviction became final upon expiration of the 30-day period Petitioner had for filing a notice of appeal on October 10, 2018, and expired one year later on October 10, 2019. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Thus, Petitioner's federal petition was due on or before October 10, 2019, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's postconviction state habeas application filed on December 6, 2019, after the limitations period had expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the petition is untimely unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner makes no effort to explain his delay and nothing in the record suggests that extraordinary circumstances prevented him from timely filing his petition nor does he present any new evidence to satisfy the actual-innocence exception.

Because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his federal petition was due on or before October 10, 2019. His petition filed on December 6, 2019,

is therefore untimely.

**III. CONCLUSION**

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 10th day of July, 2020.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

4